UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LANCE A. COLE, | ) |
| Plaintiff, | ) |
| vs. | ) No. 4:10-CV-197 (CEJ) |
| DON ROPER, | ) |
| Respondent. | ) |

### MEMORANDUM

This matter is before the Court on the petition of Lance Cole for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a response in opposition, and the issues are fully briefed.

I. Procedural History

Petitioner Lance Cole is presently incarcerated at the Northeast Correctional Center pursuant to the sentence and judgment of the Circuit Court of the City of St. Louis, Missouri. On June 29, 2005, a jury returned a guilty verdict on one count of forcible sodomy. Resp. Ex. C at 31. The trial court sentenced petitioner as a prior and persistent offender to fifteen years of imprisonment. Id. at 44-46.

On direct appeal, the Missouri Court of Appeals affirmed petitioner's conviction and sentence in a per curiam opinion issued on August 22, 2006. State v. Cole, 203 S.W.3d 230 (Mo. App. 2006) (Resp. Ex. F). Along with its opinion, the appeals court issued to the parties a non-precedential addendum explaining the basis for its decision. Resp. Ex. F.

On March 14, 2007, petitioner filed a motion for post-conviction relief under Missouri Rule 29.15. Resp. Ex. J at 2-200. On June 29, 2007, an amended motion for

post-conviction relief was filed. Id. at 207-42.  The trial court denied petitioner's post-conviction motion on March 20, 2008. Id. at 243-50. The Missouri Court of Appeals summarily affirmed the denial of post-conviction relief in a per curiam opinion issued on July 21, 2009.  Cole v. State, 288 S.W.3d 332 (Mo. App. 2009) (Resp. Ex. O).  The appeals court issued to the parties a non-precedential addendum explaining the basis for its decision. Resp. Ex. O.

In the instant § 2254 petition, petitioner asserts four grounds for relief: (1) the trial court erred in overruling his motion to dismiss because the State failed to comply with Missouri's speedy trial law; (2) petitioner's trial, direct appeal and post-conviction attorneys were ineffective by failing to adequately investigate his claim under Missouri's speedy trial law; (3) trial counsel was ineffective by failing to investigate and present photographic and testimonial evidence which caused an erroneous ruling; and (4) post-conviction counsel was ineffective by failing to review his pro se post-conviction motion and for failing to incorporate petitioner's pro se claims.

## II.   Legal Standard

Federal courts may not grant habeas relief on a claim that has been decided on the merits in state court unless that adjudication:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d)(1)-(2).

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the

-2-

Supreme Court] but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005). "The state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Brown v. Luebbers, 371 F.3d 458, 461 (8th Cir. 2004) (citing Early v. Packer, 537 U.S. 3, 8 (2002)). "In the 'contrary to' analysis of the state court's decision, [the federal court's] focus is on the result and any reasoning that the court may have given; the absence of reasoning is not a barrier to a denial of relief." Id.

A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner," Payton, 125 S. Ct. at 1439; Williams v. Taylor, 529 U.S. 362, 405 (2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 406. "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (quoting Williams, 529 U.S. at 410-11).

A state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. § 2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir.2004). "[T]he prisoner has the burden of rebutting the presumption of correctness by clear and convincing evidence." Barnett v. Roper, 541 F.3d 804, 811 (8th Cir. 2008).

### III. Discussion

#### A. Ground One

Petitioner claims that the trial court erred in overruling his motion to dismiss,

-3-

which he brought pursuant to the Interstate Agreement on Detainers (IAD). See Mo. Rev. Stat. § 217.490 (Missouri's speedy trial law). Under the IAD, an accused is to be brought to trial within 180 days of a properly filed request for a disposition of detainers. § 217.490; State v. Barnard, 678 S.W.2d 448 (Mo. Ct. App. 1984).

"A violation of Missouri's speedy trial law, without more, is not cognizable in habeas and does not justify relief under § 2254." Poe v. Caspari, 39 F.3d 204 (8th Cir. 1994).[1] "The question of whether the state violated its own speedy trial statute is a matter for the state courts." Matthews v. Lockhart, 726 F.2d 394, 396 (8th Cir. 1984). Accordingly, this claim is not appropriate for review by this Court.

However, the question of whether there was a violation of the Sixth Amendment speedy trial requirement is a cognizable issue for a federal court to decide. See Estelle v. McGuire, 502 U.S. 62 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States."). However, because petitioner did not present a Sixth Amendment speedy trial claim to the state courts, a procedural bar now exists and federal collateral review is barred. Murphy v. King, 652 F.3d 845, 848-50 (8th Cir. 2011) (As a prerequisite to seeking federal habeas relief, a state prisoner must fairly present his claims to state courts on direct appeal or in post-conviction proceedings).

Furthermore, a petitioner "may not transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996); see also Myre v. Iowa, 53 F.3d 199 (8th Cir. 1995) (citing Duncan v.

---

[1] Although Poe dealt specifically with § 217.460 (the Uniform Mandatory Disposition of Detainers Law), both § 217.460 and § 217.490 are "in pari materia, both provide for a defendant to be brought to trial within a prescribed 180-day limit, they are construed in harmony with each other, and the principles of one may be applied to the other." State ex rel. Garrett v. Dally, 188 S.W.3d 111, 117, n. 6 (Mo. App. 2006); State ex rel. Kemp v. Hodge, 629 S.W.2d 353, 359 (Mo. 1982).

Henry, 513 U.S. 364 (1995) ("federal claim not fairly presented when petitioner cited state law and state court 'understandably confined its analysis to the application of state law.'"). The fact that petitioner in his brief to the Missouri Court of Appeals included a conclusory statement that the violation of § 217.490 was also a violation of his due process rights is not enough to transform petitioner's first ground into a cognizable claim appropriate for federal review.

### B. Ground Two

Petitioner's second ground asserts that his trial, direct appeal and post-conviction attorneys were ineffective for failing to adequately investigate his claim under § 217.490. Petitioner argues that trial counsel was ineffective for failing to call Cathy Heckel to testify at the hearing on petitioner's motion to dismiss. Ms. Heckel was the custodian of records for the Western Illinois Correctional Center. Petitioner alleges that if Ms. Heckel would have been called to testify she would have confirmed that the warden never filed petitioner's IAD.

The court of appeals rejected this argument. In the non-precedential addendum, the court cites to State v. Harris, 108 S.W.3d 127, 128 (Mo. App. E.D. 2003) in interpreting § 217.490. The court explained:

> Under the IAD, any person confined in a department correctional facility may request a final disposition of any untried indictment, information, or complaint pending in this state on the basis of which a detainer has been lodged against him while so imprisoned. (citation omitted). Once a defendant is released from prison within the 180-day time limit . . . he or she loses the benefit of that statute.
>
> Movant filed his IAD request with the Illinois Department of Correction, where he was imprisoned on October 27, 2003. On November 5, 2003, Movant was discharged from the Illinois prison, well within the 180-day period. As a result, Movant lost the benefit of the IAD. Because he could not have benefitted from the IAD, Movant cannot show that he was prejudiced by counsel [for] . . . failing to call Heckel to testify[.]

Cole, 288 S.W.3d 332. (Resp. Ex. O).

"Determinations of state law made by the Missouri Court of Appeals are binding" on federal habeas review. See Bounds v. Delo, 151 F.3d 1116, 1118 (8th Cir. 1998). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle, 502 U.S. at 67-68. In the instant case, the appeals court determined that petitioner's ineffective assistance claim against trial counsel was not meritorious. The appeals court interpreted the state statute to mean that once petitioner was no longer incarcerated at the Illinois prison, the 180-day rule no longer applied to petitioner. The appeals court then reasoned that trial counsel was not ineffective by failing to call Ms. Heckel to testify about facts pertaining to a statute that was no longer relevant to petitioner's case. This determination is an issue of state law only and cannot be reviewed by this Court. See also Poe, 39 F.3d at 207 (petitioner's claim was based on Missouri law and actions of Missouri officials and thus may be addressed only by Missouri courts); Higgins v. Smith, 991 F.2d 440, 442 (8th Cir. 1993) (error in interpretation and application of state law is not cognizable for federal review).

Petitioner's ineffective assistance claim against his direct appeal counsel was not raised in his post-conviction appeal and petitioner has not shown cause, prejudice, or actual innocence to excuse his failure to exhaust state-court remedies. Thus, this claim is procedurally barred from review under 28 U.S.C. § 2254. See Murphy, 652 F.3d at 848-50; Coleman v. Thompson, 501 U.S. 722, 750 (1991); Battle v. Delo, 19 F.3d 1547, 1552 (8th Cir. 1994); U.S. v. Moss, 252 F.3d 993, 1001 (8th Cir. 2001).

Petitioner's ineffective assistance claim against post-conviction counsel also fails. "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i); Simpson v. Norris, 490 F.3d 1029, 1033-34 (8th

Cir. 2007) ("a state's decision to grant a right to counsel in post-conviction proceedings does not give rise to a due process claim if counsel performs deficiently.").

### C. Ground Three

Petitioner's third ground asserts that trial counsel was ineffective for failing to investigate and present testimonial and photographic evidence. The testimony petitioner refers to is that of his friend, Lorenzo Nunn, and his mother, Barbara Cole. The photographic evidence relates to pictures allegedly taken on the evening of the offense but prior to its occurrence. According to the petitioner, the photographs depict the victim exposing herself, engaging in sexual activity with her cousin, holding marijuana and a drink, and sitting on petitioner's lap.

To prevail on a claim of ineffective assistance of counsel, a petitioner must first show that his attorney's performance fell below an objective standard of reasonableness and second that the deficient performance prejudiced the defense. Strickland v. Washington, 446 U.S. 668, 687 (1984). With respect to the first prong, there exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689. In order to establish prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.

"As a rule, the selection of witnesses and evidence are matters of trial strategy, and are considered virtually unchallengeable in an ineffective assistance claim." Tinsley v. State, 258 S.W.3d 920, 925 (Mo. App. 2008) (quoting Williams v. State, 168 S.W.3d 433, 443 (Mo. 2005)). To prove ineffective assistance of counsel for failure to call a witness, a movant must show that . . . the witness's testimony would have provided a viable defense. Hutchison v. State, 150 S.W.3d 292, 304 (Mo. 2004). "The movant

must further establish that the outcome of the case could have been different had the witness testified and that counsel's failure to call the witness was not simply trial strategy." Tinsely, 258 S.W.3d at 925.

It is undisputed that Ms. Cole and Mr. Nunn could not have testified about the offense itself. Ms. Cole was even present in petitioner's home when the offense occurred and Mr. Nunn intended to testify about the events prior to the offense. Accordingly, such testimony would not have provided petitioner with a viable defense that would have changed the outcome of the case. Moreover, petitioner did not prove that trial counsel's failure to call either Mr. Nunn or Ms. Cole was not trial strategy. Thus, petitioner cannot establish the first prong in Strickland, i.e., that his trial counsel's performance fell below an objective standard of reasonableness.

Additionally, petitioner's claim that trial counsel was ineffective by not investigating and presenting photographic evidence was not presented to the state courts and, as such, it was not preserved for federal review. "A habeas petitioner must have raised both the factual and legal bases for each ineffectiveness of counsel claim in the state courts in order to preserve the claim for federal review." Osborne v. Purkett, 411 F.3d 911, 919 (8th Cir. 2005).

Petitioner's assertion that the photographic evidence should be considered newly discovered evidence is insufficient to overcome the procedural bar. "Unless a habeas petitioner shows cause and prejudice or that he is actually innocent of the charges, a federal habeas court may not reach the merits of procedurally defaulted claims in which the petitioner failed to follow applicable state procedural rules in raising those claims. Skillicorn v. Luebbers, 475 F.3d 965, 976-77 (8th Cir. 2007). "[A] fail[ure] to raise [a] claim despite recognizing it, does not constitute cause for a procedural default." Murray v. Carrier, 477 U.S. 478, 488 (1986). "If the 'tools were available' for a petitioner to

construct the legal argument at the time of the state appeals process, then the claim cannot be said to be so novel as to constitute cause for failing to raise it earlier." McKinnon v. Lockhart, 921 F.2d 830, 833-34 (8th Cir. 1990)[quoting Leggins v. Lockhart, 822 F.2d 764, 766 (8th Cir. 1987)].

The record shows that petitioner was the person who took the photographs on the night of the offense. Petitioner gave the photographs to his first attorney, who allegedly lost or misplaced them. Clearly, petitioner was aware of the existence of the photographs during his trial and throughout his appeals in state court. Although he believed that the photographs were missing, petitioner still could have asserted a claim in the state courts alleging that trial counsel's failure to investigate the whereabouts of the photographs amounted to ineffective assistance.

Additionally, even if this claim were not procedurally barred, petitioner has not demonstrated that counsel's error in not obtaining and presenting the photographs to the jury prejudiced the outcome of his case as required by Strickland.  First, the photographs do not document the actual offense. Instead, they allegedly capture activities that went on in the downstairs living room prior to the offense. Second, even if the pictures did depict the victim holding marijuana or alcohol or behaving in a lewd manner, they do not establish that she consented to anal penetration. Considering the overwhelming evidence against petitioner, the Court cannot conclude that had the photographic evidence been presented to the jury, the outcome of petitioner's case would have been different.

### D. Ground Four

Petitioner asserts in his fourth ground that post-conviction counsel was ineffective by failing to review his pro se post-conviction motion and by failing to incorporate his pro se claims. However, as previously discussed, ineffective assistance of post-

conviction review counsel is not a ground for relief in a federal habeas proceeding.  28 U.S.C. 2254(i); Simpson v. Norris, 490 F.3d 1029, 1033-34 (8th Cir. 2007).

   IV.   Conclusion

For the reasons discussed above, the Court finds that petitioner has failed to establish that he is entitled to relief based on state court proceedings that were contrary to, or an unreasonable application of, clearly established federal law, or based upon an unreasonable determination of the facts in light of the evidence presented in state court proceedings.  28 U.S.C. § 2254(d).  Because petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability.   See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

A separate judgment in accordance with this Memorandum will be entered this same date.

   _____
   CAROL E. JACKSON
   UNITED STATES DISTRICT JUDGE

Dated this 1st day of February, 2013.