UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LANCE A. COLE, | ) |
| Plaintiff, | ) |
| vs. | ) No. 4:10-CV-197(CEJ) |
| DON ROPER, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of petitioner to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e). Respondent has not filed an opposition to the motion and the time for doing so has expired.

### I. Procedural History

Petitioner Lance Cole was convicted of forcible sodomy on June 29, 2005. He was sentenced as a prior and persistent offender to fifteen years of imprisonment. The Missouri Court of Appeals affirmed petitioner's conviction. The trial court denied petitioner's motion for post-conviction relief and the Missouri Court of Appeals affirmed the denial.

On February 1, 2010, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting four grounds for relief. The Court denied the petition on February 1, 2013, concluding that the claims were either procedurally barred, inappropriate for federal review, or without merit.

### II. Discussion

Federal Rule of Civil Procedure 59(e) was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment. Norman v. Arkansas Dep't of Educ., 79 F.3d 748, 750 (8th Cir. 1996) (citing

White v. New Hampshire Dep't of Employ't Sec., 455 U.S. 445 (1982)). Rule 59(e) motions serve a limited function of correcting "manifest errors of law or fact[.]" Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotation and citations omitted). Such motions cannot be used to introduce new evidence, tender legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. Id.

Petitioner does not argue that this Court made any manifest errors of law or fact in rejecting the four grounds asserted in his petition for habeas corpus. Instead, petitioner argues that the Court did not consider or review certain documents prior to issuing its decision in this matter. These documents include: "petitioner's traverse response, and points and authority in support thereof, and request for an evidentiary hearing" [Doc. #21]; "petitioner's status report and attached amend traverse" [Doc. # 45]; "citation of supplemental authorities with supplemental arguments" [Doc. #51]; the "petition to supplement the record and pleadings in support of petitioner's amend traverse" [Doc. # 56, 58], and accompanying exhibits.

Prior to issuing its decision, the Court reviewed all of petitioner's filings in this action, which include all the issues and facts that were presented and raised in his original petition, traverse response, amended traverse, and supplemental documents. After a full review of the record, the Court then addressed the merits of petitioner's arguments that were not procedurally barred or inappropriate for federal review.

Petitioner also argues that it was error for the Court to issue a decision in this case prior to receiving certain documents that he requested from the Clerk of Court. The Court finds no merit in this argument. Petitioner filed his petition on February 1, 2010, the Court issued a case management order on February 22, 2010, respondent

timely filed his answer, and petitioner timely filed his reply. Accordingly, the case was ready for disposition.

### III. Conclusion

Petitioner has not shown any manifest errors in the Court's previous denial of the petition for the writ of habeas corpus.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e) [Doc. # 62] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of March, 2013.